UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ZIP L L C | CASE NO. 6:19-CV-00902 |
| VERSUS | JUDGE SUMMERHAYS |
| ZACHRY EXPLORATION L L C | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand and for Attorney Fees filed on behalf of Plaintiff, Zip, LLC. (Rec. Doc. 6). Defendant, Zachry Exploration, LLC, opposed the Motion (Rec. Doc. 8). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Court recommends that Zip's Motion be DENIED.

### Factual Background

Zip sued Zachry Exploration in state court for alleged damages sustained to its rice crop, crawfish crop, and land arising out of an oil, gas, and mineral lease in which Zachry Exploration, the lessee, agreed to be responsible for damages caused by its operations. (Rec. Doc. 1-2, at 3, ¶2-3). On December 5, 2018, Zip sent a demand letter to Zachry Exploration for $73,000 in damages, itemized among rice, crawfish, and land expenses. (Rec. Doc. 1-2, at 17). In its suit, Zip seeks

reimbursement for all costs and expenses, including reasonable attorney fees for enforcing the provisions of the lease. (Rec. Doc. 1-2, at 4, ¶6). Zip did not allege whether the amount of recovery sought exceeded $75,000.

Zachry Exploration removed the case under §1332, alleging that Zip is a limited liability company whose two members are domiciled in Louisiana, and that Zachry Exploration is a citizen of Delaware and Texas. (Rec. Doc. 1, ¶5 and 6). Zachry Exploration's removal was further based upon Zip's demand for $73,000 plus reasonable attorneys' fees. (Rec. Doc. 1, at ¶8). Zip filed the instant Motion to Remand, arguing that Zachry Exploration's reliance upon Zip's demand letter for $73,000 plus reasonable attorneys' fees is insufficient to establish federal jurisdiction. (Rec. Doc. 6-3). Zachry opposed. (Rec. Doc. 8).

## **Applicable Law**

The federal district courts have original jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. §1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. Courts may also exercise, or decline to exercise, supplemental jurisdiction over certain cases. 28 U.S.C. §1367; *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 804, 810 (5th Cir. 2007). 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

Generally, upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Thus, Defendants, as the party seeking to invoke federal diversity jurisdiction under §1332, bear the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

Zip does not challenge diversity, but instead argues that Zachry Exploration has not met its burden to show that the amount in controversy exceeds $75,000. Thus, the Court must determine whether Zachry Exploration has met its burden of proof to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

> We ordinarily consult the state court petition to determine the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). However, Louisiana prohibits plaintiffs from petitioning for a specific monetary amount. *See* La.Code Civ. P. art. 893(A)(1). Therefore, where, as here, the petition does not include a specific monetary demand, Prudential must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See De Aguilar,* 47 F.3d at 1412 (5th Cir.1995). This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount.
>
> *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

"[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.,* 47 F.3d at 1412. The plaintiff may establish that his claims will not exceed the jurisdictional threshold to a legal certainty "by identifying a statute, or by filing a binding stipulation, that so limits her recovery." *Manguno*, 276 F.3d at 724. However, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014).

Zachry's removal was based upon Zip's demand for $73,000 and Zip's prayer for relief "for all damages, attorney fees, and all costs of these proceedings." (Rec. Doc. 1-2, at 4). Zachry argues that the amount of Zip's attorneys' fees could exceed $2,000. "When a contract or statute contains a provision for the potential award of fees, such fees may be included in the amount in controversy." *House v. AGCO*

4

*Corp.,* No. CIV.A. 05-1676, 2005 WL 3440834, at *2 (W.D. La. Dec. 14, 2005), citing *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 874 (5th Cir.2002). See also *Mintzer v. Lester,* 51 F. App'x 929 (5th Cir. 2002), citing §3712 Interest and Costs, 14AA Fed. Prac. & Proc. Juris. § 3712 (4th ed.).

Zip alleged, "[t]he lease provides that the defendant shall reimburse the plaintiff for all costs and expenses, including reasonable attorney fees in enforcing the provisions of the lease." (Rec. Doc. 1-2, at 4, ¶6). The lease so provides for reimbursement of reasonable attorney's fees. (Rec. Doc. 1-2, at 15, ¶34). The determination of reasonable attorney's fees involves a calculation of hours expended multiplied by a reasonable hourly rate. *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995). In order to meet its burden to prove that the amount in controversy exceeds $75,000, Zachry was required to show that attorney's fees could exceed $2,000 (the difference between $75,000 and the $73,000 demand). Zachry argues that it is a reasonable assumption that attorneys' fees will exceed $2,000, pointing to Zip's request for $5,000 in attorneys' fees for filing the Motion to Remand, which Zip "based upon the time and customarily [sic] hourly rate of plaintiff's attorney. (Rec. Doc. 6-3, at 6). The Court agrees.

Although neither party has provided any specific information as to Zip's counsel's rate, any combination of typical rates and anticipated hours could result in an attorney's fee award in excess of $2,000. (e.g. 13.33 hours at $150;10 hours at

$200/hour[1]). Understanding that Zachry's counsel would not be in a position to provide the Court with Zip's counsel's rate or the hours that he might expend on the case, the Court holds that it is reasonable to expect that an attorney's pre-trial litigation work in this breach of lease case, including preparing the initial demand letter and subsequent pleadings, followed by routine discovery practice, will exceed the value of $2,000.

Zip has offered no evidence to show to a legal certainty that attorney's fees would not exceed $2,000. Rather, Zip relies upon its attorney's affidavit attached to its Motion to Remand that "the amount sought by the plaintiff, including attorney fees, is less than $75,000.00." (Rec. Doc. 6-1). Post-removal stipulations do not deprive the Court of jurisdiction. *Gebbia, supra*. Accordingly, the Court finds that Zachry Exploration has met its burden to show that the amount in controversy exceeds $75,000. Because the Court recommends that Zip's Motion to Remand be denied, the Court does not reach Zip's contemporaneous Motion for Attorneys' Fees.

## Conclusion

For the reasons discussed herein, it is recommended that Zip's Motion to Remand and for Attorneys' Fees (Rec. Doc. 6) be DENIED.

---

[1] See e.g. *Swanson v. Marine Surveys, LLC*, No. 6:15-CV-1746, 2017 WL 1017609, at *2, fn. 1 (W.D. La. Mar. 14, 2017), examining cases in this District.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 17th day of September, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

7